UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| NOCO COMPANY, | : | CASE NO. 21-cv-1019 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 8] |
| v. | : | |
| | : | |
| HONG KONG HEXIN | : | |
| GROUP CO., LTD., | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff NOCO Company ("NOCO") sues Defendant Hong Kong Hexin Group Co., Ltd., for trademark infringement, trademark dilution, deceptive trade practices, and unfair competition.[1]

Plaintiff NOCO is an Ohio corporation.[2] Defendant is organized under Hong Kong law.[3]

Plaintiff NOCO has not yet successfully served Defendant. Now, Plaintiff moves to serve Defendant under Hague Convention procedures.[4] For the following reasons, the Court **GRANTS** Plaintiff's motion.

I. Background

Plaintiff obtained multiple addresses for Defendant in Hong Kong, China; Shenzhen, China; Xiamen, China; and Xi'an, China.[5] Plaintiff sent the summons and complaint, written

---

[1] Doc. 1.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 3.
[4] Doc. 8.
[5] Doc. 7 at 2-5, 7-8.

Case No.
GWIN, J.

notice, and waiver requests to those addresses.[6] Plaintiff also exchanged emails with Defendant's attorney.[7]

Despite Plaintiff's attempts to serve Defendant, Plaintiff has not received completed waivers of service.[8] Plaintiff now seeks to serve Defendant under Hague Convention Procedures.[9]

## II. Discussion

Federal Rule of Civil Procedure 4 authorizes service to a foreign corporation under the procedures authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention").[10]

The Hague Convention is a treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad."[11] The Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."[12] The Supreme Court has held that "compliance with the Convention is mandatory in all cases to which it applies."[13]

Here, the Hague Convention applies because the United States and China are both treaty signatories.[14] Plaintiff knows Defendant's physical addresses, meaning that the

---

[6] *Id.*
[7] *Id.* at 4.
[8] Doc. 8 at 2.
[9] *Id.*
[10] Fed. R. Civ. P. 4(f)(1); Fed. R. Civ. P. 4(h)(2).
[11] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).
[12] *Id.* at 699 (quoting Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, art. 1, Nov. 15, 1965, 20 U.S.T. 362).
[13] *Id.* at 705.
[14] *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co., Ltd.*, 338 F.R.D. 100, 103 (N.D. Ohio 2021).

Case No.
GWIN, J.

exception for unknown addresses does not apply in this case.[15]

### III. Conclusion

The Court **GRANTS** Plaintiff's motion for leave to serve Defendant under Hague Convention procedures.  The Court **ORDERS** Plaintiff to provide status updates to the Court every four months until Plaintiff succeeds in serving Defendant.

IT IS SO ORDERED.

Dated: January 18, 2022

*s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 108.

- 3 -